UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           Case No. 2:05-cv-247-FtM-99SPC

BOURKE J. GORMAN,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on the government's Motion for Summary Judgment (Doc. #12), filed on May 10, 2006. On June 20, 2006, defendant filed an Opposition (Doc. #18) and Affidavit (Doc. #19) in response.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine

issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

On May 23, 2005, the United States of America initiated a Complaint (Doc. #1) for the recovery of monies owed by defendant Bourke J. Gorman (hereinafter Gorman or defendant). The Government alleges that as of March 25, 2005, Defendant owes the following the amounts: (1) $6,572.92 in principal and $6,001.15 in interest as to Count I; (2) $3,755.96 in principal and $3,390.00 in interest as to Count II; and (3) $6,673.53 in principal and $6,410.33 in interest

as to Count III with interest accruing at a rate of 7 percent per annum on all counts.

Upon review of the record, the Court finds that there is no issue of material fact as to whether the Defendant is liable for the student loans.  The Promissory Notes and Disclosure Statements executed by the Defendant speak for themselves.  (Doc. ## 12-2 - 12-7.)  The Defendant does not dispute that it is his signature on the documents.  The Defendant admits that he did indeed take out student loans, which he had begun repaying and only stopped payments when informed that a late payment fee would be applied to every payment made until such time as he would pay off the entire loan amount.  (Doc. #19, ¶¶ 1, 3.)  Therefore, the Court finds that summary judgement is appropriate as to the issue of liability.

As to the issue of damages, the Defendant asserts that the numbers in the Complaint (Doc. #1) are incorrect.  The Defendant asserts that payments he submitted were improperly applied to his debt.  (Doc. #18, ¶¶ 3-4.)  The documents provided by the Government shed no light as to how the Defendant's past payments have been applied to the loan amounts.  A reasonable jury could find that the Government did not properly credit the past payments made by the Defendant, and hence effectively reducing the amount sought.  The Court finds that there is an issue of material fact as to the total amount owed and that summary judgement is not appropriate on this issue.

Accordingly, it is now

**ORDERED**:

The government's Motion for Summary Judgment (Doc. #12) is **GRANTED** as to the issue of liability and **DENIED** as to the amount owed.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of March, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record